UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONY INGRASSIA and<br>SHERRI INGRASSIA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1216 CDP |
| | ) | |
| ONEBEACON INSURANCE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In their petition, plaintiffs Tony and Sherri Ingrassia claim defendant One

Beacon Insurance Group violated an insurance policy issued to plaintiffs by failing

to defend them in a 2011 lawsuit arising out of the sale of real property insured

under the policy.  This matter is now before me on One Beacon's motion for

judgment on the pleadings as to Counts III and IV of the Ingrassias' petition.

Plaintiffs have filed no response to defendant's motion.

Count III of the Ingrassias' petition alleges One Beacon failed to exercise

good faith and fair dealing when it denied the Ingrassias' claim for litigation

defense coverage under the subject insurance policy.  Count IV alleges that

defendant acted with "bad faith" in denying defense coverage under the policy.

Under Missouri law, an insurance company's denial of coverage is actionable only

as a breach of contract claim or a statutory claim for vexatious refusal to pay.

Because Counts III and IV of the Ingrassias' petition are tort claims based solely on One Beacon's denial of insurance coverage, they are invalid. As such, I will grant One Beacon's motion for judgment on the pleadings.

## I.      Motion for Judgment on the Pleadings Standard

One Beacon has moved for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P. The same standard of review governs a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss under Rule 12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). The purpose of such a motion is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip*., 207 F.3d 458, 462 (8th Cir.2000).

## II.  Background[1]

In 2000, One Beacon issued the Ingrassias an insurance policy that was effective from March 1, 2000 through March 1, 2001 (the Policy).  The Policy insured a residential property located at 1223 Teson Road, Hazelwood, Missouri 63042.  In January 2001, the plaintiffs placed the property on the market for sale and, in conjunction with their anticipated sale of the home, executed a "Seller's Disclosure Statement."  The Disclosure Statement was signed by the plaintiffs and acknowledged by the eventual purchaser of the home, Barbara Costa.

Over ten years later, in October 2011, Costa filed a lawsuit against the Ingrassias asserting that certain representations made in the Seller's Disclosure Statement were false.  The Ingrassias provided One Beacon a copy of Costa's petition and requested, twice, that One Beacon provide a defense to the lawsuit and indemnify the Ingrassias for any judgment entered against them.  In response, One Beacon informed the Ingrassias that there was no coverage for the lawsuit under the Policy.  Costa's case against the Ingrassias eventually went to a jury, who found in favor of the Ingrassias; however, plaintiffs spent $55,000 in attorneys' fees and court costs to defend themselves against Costa's claims.

---

[1] The facts contained herein are taken from the allegations set out in the plaintiffs' complaint. They are considered true for the purpose of this Memorandum and Order.  *See Gallagher, 699 F.3d at 1016; Ashcroft*, 556 U.S. at 678–79; *Neitzke,* 490 U.S. at 326–27.

Generally, the Ingrassias claim One Beacon wrongfully denied them defense coverage under their policy. Their petition alleges four counts: Count I – Declaratory Relief; Count II – Breach of Contract; Count III – Breach of Implied Covenant of Good Faith and Fair Dealing by Defendant; Count IV – Bad Faith. Notably, Count I requests various types of relief, including "compensation [for plaintiffs] due to defendant's vexatious refusal to defend the underlying lawsuit as provided by Missouri Revise Statute Section 375.420." In both counts III and IV plaintiff requests punitive damages.

## III. Discussion

Under Missouri law, "[w]hen an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. Damages for breach of contract are limited to the loss of the benefit itself." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67 (Mo. banc 2000). If the insurance company has refused to pay without reasonable cause or excuse, Mo. Rev. Stat. §375.420 also permits a plaintiff to recover "consequential damages, such as attorneys' fees and interest associated with collection." *Champ Realty Co. v. American States Ins. Co.*, No. 4:10CV1058 JCH, 2010 WL 2985676, at *2 (E.D. Mo. July 23, 2010) citing *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, No. 4:05 CV 1934 DDN, 2006 WL 1722278, at *2 (E.D. Mo. June 19, 2006). However, a party complaining of breach of an insurance contract may not also

bring a tort claim dependent upon the elements of the contract claim. *Hullverson Law Firm, P.C. v. Liberty Ins. Underwriters, Inc.*, No. 4:12CV1994 CAS, 2013 WL 3802517, at *1 (E.D. Mo. July 22, 2013); *see also Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("An insured cannot recast a contract claim as a … tort claim under Missouri law."). In other words, the facts that form the basis for the tort claim must be independent from the facts underlying the contract and vexatious refusal to pay claims in order for the tort claim to survive a motion to dismiss. *See Hullverson Law Firm, P.C.*, 2013 WL 3802517, at *1 (plaintiffs' "bad faith" claim was precluded because it was not wholly independent from breach of contract and vexatious refusal claims); *Champ Realty Co.*, 2010 WL 2985676, at *2 (plaintiff's willful and wanton misconduct claim was precluded because it rested on the same elements and facts as breach of contract and vexatious refusal to pay claims); *Lloyd's Acceptance Corp.*, 2006 WL 1722278, at *2 (plaintiff's claim for negligent misrepresentation was precluded because damages suffered were not independent of breach of contract claim); *Ryann Spencer Group, Inc. v. Assurance Co. of America*, 275 S.W.3d 284, 290 (Mo. App. E.D. 2008) (plaintiff foreclosed from asserting fraud and negligent misrepresentation claims where the facts pled in those counts were "already within its causes of action for breach of contract and vexatious refusal to pay").

The Missouri Supreme Court clearly articulated this principle in *Overcast v. Billings*. There, the defendant insurance company wrote a letter denying plaintiff coverage under a fire insurance policy on the grounds that the fire that damaged plaintiff's home resulted from an intentional act committed by plaintiff. 11 S.W.3d at 64-65. In his petition, the plaintiff asserted three counts against the defendant insurance company: (1) breach of the insurance contract for failure to provide coverage; (2) penalties and fees under Mo. Rev. Stat. §375.420; and (3) defamation. *Id*. at 65. The Court found that plaintiff's defamation claim was proper because it was not dependent on the elements of his contract claim and was based on conduct "quite distinct from" the conduct that constituted a breach of contract for refusal to pay. *Id*. at 68. In fact, the Court noted that it would have been possible for the defendant to accuse plaintiff of starting the fire (defaming him) and yet still provide coverage for the damages under the contract. *Id*.

In contrast, in *Hullverson Law Firm, P.C. v. Liberty Ins. Underwriters, Inc.*, this court held that the plaintiffs failed to allege sufficiently independent facts to support a tort claim against the defendant. 2013 WL 3802517, at *2. The plaintiffs, who held a professional liability insurance contract issued by the defendant, asserted four counts: (1) declaratory relief; (2) breach of the insurance contract; (3) vexatious refusal to pay under Mo. Rev. Stat. 375.296 and 375.420 and (4) bad faith failure to defend and indemnify. *Id*. The claim for bad faith

failure to defend and indemnify "adopt[ed] and incorporate[ed] all of the facts alleged in the prior counts…" and asserted defendant had "refused to defend and indemnify plaintiffs, thereby breaching its duties of good faith and fair dealing, duty to investigate, duty to defend and duty to indemnify." *Id.* This court held that plaintiff's "bad faith" claim was precluded because it was dependent on the same facts underlying plaintiffs' breach of contract and vexatious refusal to pay claims. In fact, the bad faith claim was based "almost wholly" on the defendant's refusal to pay plaintiffs' insurance claim. This court held that this was precisely the type of claim that the Missouri Supreme Court in *Overcast* determined is prohibited. *See id.*

Here, Counts III and IV allege tort claims[2] against One Beacon. Both claims are based upon One Beacon's allegedly wrongful denial of benefits, including denial of a legal defense, under the Policy. Count III asserts that the denial lacked a reasonable basis and was "attended by circumstances of oppression, fraud and malice." Count IV asserts that One Beacon breached its duty to act fairly and reasonably toward the Ingrassias because it "had no reasonable basis for denying

---

[2] Although Count III is titled Breach of Implied Covenant of Good Faith and Fair Dealing, which is often a contract claim under Missouri law in non-insurance cases, the Ingrassias have framed this count as a tort claim by asserting that One Beacon breached its "duty" of good faith and fair dealing toward the plaintiffs and asking that punitive damages be awarded. Other Missouri federal courts have similarly treated such claims as impermissible tort claims. *See, e.g., Luechtefeld v. Unumprovident Corp.*, No. 4:06cv1241 HEA, 2006 WL 3257719 (E.D. Mo. Nov. 9, 2006); *Easter v. Farmers Ins. Co., Inc.*, No. 13–3412–CV–S–REL, 2014 WL 1237161 (W.D. Mo. Mar. 26, 2014); *Jameson v. State Farm. Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 868-69 (W.D. Mo. 2012).

plaintiffs' benefits under the Policy" and either knew or recklessly disregarded the lack of a reasonable basis.

Counts III and IV allege no new facts regarding One Beacon's denial of benefits. Rather, they incorporate and rely on the facts pled in support of the Ingrassia's breach of contract and vexatious refusal to pay claims. Unlike the plaintiff's entirely independent defamation claim in *Overcast*, here, the plaintiffs' tort claims would no longer exist if One Beacon decided to provide coverage under the Policy—the Ingrassias' tort claims are based "almost wholly" on One Beacon's refusal to pay the Ingrassias' insurance claims. *Hullverson*, 2013 WL 3802517, at *2. Because the facts relied upon in Counts III and IV are "already within [the Ingrassias'] causes of action for breach of contract and vexatious refusal to pay," these counts are precluded under Missouri law. *Ryann Spencer Group, Inc.*, 275 S.W.3d at 290.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion for judgment on the pleadings as to Count III and Count IV of plaintiffs' petition [#9] is **GRANTED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2014.